No. 70.—WILLIAM W. DAVENPORT, plaintiff in error, *vs.* ELBERT HARDEMAN, defendant.

[1.] A surety, who has paid a judgment against himself and his principal, which appears to be dormant, is entitled to an order giving him the control of such judgment and the execution issued thereon, for the purpose of testing his right to use the same for remuneration out of his principal.

Application for the control of a judgment and *fi. fa.* by a sure-

ty, in Oglethorpe Superior Court, decided by Judge SAYRE, October Term, 1848.

In this case, the *fi. fa.* appeared to be dormant upon its face, seven years having elapsed since the last entry by the sheriff. An entry by the plaintiff in *fi. fa.* showed that the same had been paid off by the surety. The surety applied for a control of the *fi. fa.* under the Acts of 1826 and 1831, which application the Court refused, and this decision was excepted to as erroneous.

T. R. R. COBB, for plaintiff in error.

W. C. DAWSON, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The surety who pays a judgment or execution, by the Acts of 1826, and 1831, is entitled to the control of the same, for the purpose of remunerating himself out of the property of his principal. The object of the Legislature was to give him a summary remedy for remuneration. For that purpose, the execution is intended to have in his hands all the vitality that it has in the hands of the plaintiff. The surety is intended to be subrogated to all the rights of the plaintiff. The judgment in this case appears to be dormant, and the right of the surety to the control is denied, upon the ground that it is dormant, and that the execution, therefore, is extinct. Now, whether the Act of 1823 in relation to dormant judgments applies to sureties—that is, whether a surety, under the Acts of 1826 and 1831, can remunerate himself through the agency of a judgment, which, as to the plaintiff, is dormant, we do not determine. Nor do we determine whether, if as to the surety it is not dormant, the term of limitation commences to run against him from the time that he pays the debt, or from the time at which he applies for the control. Nor, conceding, as we do, that the surety is entitled to the order of control, do we determine whether he can proceed to reimburse himself through the agency of the execution directly, or will be driven to revive the judgment by *scire facias.*

We leave these questions open. Our judgment is, that in order to test his rights in the premises, the surety is entitled to the order, *valere quantum valere possit.*

Let the judgment be reversed.